**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MICHAEL MCCORKLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CASE NO: |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, MICHAEL MCCORKLE, by counsel, David S. Gladish and Mark J. Schocke, by GLADISH LAW GROUP, and for his cause of action against Defendant UNITED STATES OF AMERICA, alleges and states as follows:

## PARTIES, JURISDICTION, VENUE AND TORT CLAIM NOTICE

1.    At all times relevant herein, Plaintiff Michael McCorkle was a resident and citizen of the City of Stillwater, Oklahoma.

2.    Defendant is the duly constituted and sovereign government of the United States of America.

3.    At all times relevant herein, U.S. Department of Justice, Federal Bureau of Prisons, was an agent acting on behalf of the United States of America.

4.    Service may be perfected upon Defendant UNITED STATES OF AMERICA pursuant to Fed.R. Civ. P. Rule 4(I).

5.    This action arises under Title 28 of the United States Code § 2671 et seq., more commonly known as Federal Tort Claims Act. This Court has original jurisdiction

1

over the claim against the United States Government under Title 28 of the United States Code § 1346 (b), which states, in part:

> [T]he district courts…. shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or before January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

6.    Venue is proper within the Northern District of Indiana pursuant to 28 U.S.C. § 1391, since a substantial part of the events giving rise to this action occurred in this District.

7.    Plaintiff was injured as a result of an auto accident involving an employee of the U.S. Department of Justice, Federal Bureau of Prisons who was acting within the scope and course of his employment in the City of Richmond, County of Wayne, State of Indiana.

8.    On July 28, 2021, Plaintiff sent a Federal Tort Claim to the U.S. Department of Justice, Federal Bureau of Prisons, pursuant to and as required by Title 28, Section 2675, of the United States Code, which included a detailed letter from his attorney and supporting documentation to allow the federal agency to review Plaintiff's claim.

9.    On September 24, 2021, representatives of the U.S. Department of Justice, Federal Bureau of Prisons acknowledged receipt of Plaintiff's tort claim.

10.    Plaintiff was notified by United States Postal Service in a letter dated August 29, 2022, that the Plaintiff's claim was denied.

11.    Plaintiff has filed this complaint following receipt of the U.S. Department of Justice, Federal Bureau of Prisons' denial of Plaintiff's Federal Tort Claim Notice.

## FACTS OF CLAIM

12. On August 26, 2020, Plaintiff, was driving his vehicle west bound on Interstate 70 in the City of Richmond, Indiana.

13. An employee of the U.S. Department of Justice, Federal Bureau of Prisons, Brent Orsburn was operating a 2019 International Semi-tractor Trailer truck in the scope and course of his employment.

14. Based upon the employment relationship, Defendant is responsible for the actions of its federal employee under a theory of *respendeat superior*.

15. Defendant owed Plaintiff a duty of care.

16. Defendant breached the duty of care owed to Plaintiff, when Brent Orsburn drove his tractor-trailer truck in a negligent manner resulting in a collision.

17. The above-mentioned collision was directly and proximately caused by the carelessness and negligence of Defendant, including but not limited to, the following acts or omissions:

    a. Driving too fast for road conditions;

    b. Failing to keep proper and sufficient lookout for other vehicles on the roadway; and/or

    c. Failing to maintain his vehicle so that it would not come in contact with the vehicle containing Plaintiff.

18. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff suffered injuries and damages.

19.     On August 26, 2020, Plaintiff went to the Emergency Department at Reid Health Hospital in Richmond, Indiana, after the collision where he was evaluated, treated and released.

20.     At the time of his release, Plaintiff was diagnosed with musculoskeletal back pain and injury of head following a motor vehicle accident. Plaintiff was directed to follow up with a doctor in two days if his condition did not improve.

21.      Plaintiff proceeded home and followed up on August 28, 2020, with Stuart R. Hershberger, D.C. with complaints of midback, cervical pain and constant headaches.

22.     Plaintiff continued to treat with Stuart R. Hershberger, D.C., for acute posttraumatic cervical somatic dysfunction with comitant; posttraumatic headache; cervicalgia; acute posttraumatic thoracic somatic dysfunction with #5; dorsalgia; myalgia and acute posttraumatic lumbosacral dysfunction.

23.     Plaintiff treated with Dr. Hershberger until October 24, 2020, when he was released from care with guarded prognosis.

24.     Plaintiff has incurred lost wages and other damages as a direct and proximate result of the carelessness and negligence outlined above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL MCCORKLE, demands the following relief against the Defendant United States of America in an amount which will fully and fairly compensate him for all of his damages, costs of this action, interest as allowed by law and all other relief which is just and proper in the premises.

s/David S. Gladish
DAVID S. GLADISH, #18653-45
GLADISH LAW GROUP
3235 45th Street
Highland, IN  46322
(219) 838-1900
Attorney for Plaintiff